IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUANTEL SEARCY, HD-8512,<br>　　Petitioner,<br><br>　　v.<br><br>JAMES J. MCGRADY, et al.,<br>　　Respondents. | )<br>)<br>)<br>)　2:10-cv-189<br>)<br>)<br>) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Quantel Searcy for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Quantel Searcy, an inmate at the State Correctional Institution at Retreat has presented a petition for a writ of habeas corpus. In an Order entered on March 8, 2010, the respondents were directed to answer and show cause why the relief sought should not be granted.

Searcy is presently serving a seven to fourteen year sentence imposed upon his plea of guilty to a charge of possession with intent to deliver controlled substances at No. 10-cr-208 of 2007 in the Court of Common Pleas of Butler County, Pennsylvania. This sentence was imposed

1

on July 18, 2007.[1]  No appeal was pursued.[2]

A timely post-conviction petition was filed and denied on September 12, 2008.[3] An appeal was filed in the Superior Court in which the issues raised were:

> 1. Lack of jurisdiction/authority to prosecute under the Commonwealth Attorney Act 732-205(a)(1)(2)(6) and violation of the signature requirement Act of Pa.R.Crim.P. 225(b).
>
> 2. Constitutionally layered ineffective assistance of counsel(s)/negligence.
>
> 3. The plea of guilty was not made voluntarily, knowingly or intelligently which resulted in a defective plea colloquy.
>
> 4. Illegal sentence.[4]

On August 19, 2009 the denial of post conviction relief was affirmed.[5] Leave to appeal to the Pennsylvania Supreme Court was not sought.

In support of the instant petition executed on February 6, 2010, Searcy alleges he is entitled to relief on the following grounds:

> 1 A. Lack of jurisdiction under state and federal law.
>    B. Violation of signature requirement act under state and federal law.
>
> 2. Constitutionally layered ineffective assistance of counsel/negligence.
>
> 3. Guilty plea not knowingly or intelligently entered.[6]

---

[1] See: Petition at ¶¶ 1-6.

[2] See: Petition at ¶ 9.

[3] See: Answer of the Commonwealth, Exhibit J.

[4] See: Answer of the Commonwealth, Exhibit R, p.13.

[5] See: Answer of the Commonwealth, Exhibit U.

[6] See: Petition at ¶13 and petitioner's Memorandum at p.25.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United

> States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In <u>Hameen v. Delaware</u>, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in <u>Williams v. Taylor</u> held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it would appear that the issues which the petitioner seeks to raise here have been raised in the Superior Court of Pennsylvania, and that for this reason, he has exhausted the available state court remedies.

The background to this prosecution is set forth in the August 19, 2009, Memorandum of the Superior Court in which it is stated:

> After purchasing a kilogram of cocaine from a government informant for $9,000, Appellant was arrested and charged with drug-related offenses. On May 9, 2007, Appellant entered into a negotiated plea agreement in the Court of Common Pleas of Butler County, whereby he pleaded guilty to one count each of possession with intent to deliver cocaine and simple possession of cocaine. In return, the Commonwealth was to request that Appellant be sentenced to "84 to 168

months[.]"...   In a written colloquy completed prior to the hearing, Appellant acknowledged that he "committed the offense[s] as stated in the Criminal Information and that [he is] guilty of the crimes charged [;]" that he understood that by pleading guilty he was waiving "the right to file various pre-trial motions including an Omnibus Pre-Trial Motion [;]" and that he was offering his "plea of guilty freely and voluntarily and of [his] own accord and with full understanding of all the matters set forth in the criminal information and in this petition." ... During an oral colloquy at the plea hearing, Appellant acknowledged that he had not ingested any drugs or alcohol in the previous 48 hours, that he did not suffer from any mental illness which would affect his ability to understand the nature of the proceedings, that he signed the written guilty plea colloquy, that he wished to plead guilty to both counts, and that he understood the plea agreement his counsel struck with the prosecution... After finding that Appellant was entering his plea "voluntarily and understandingly," the court accepted his plea... After the prosecution put its factual basis for the plea on the record, the court again asked Appellant if "he [was] entering his plea of guilty because [he was] guilty?", to which Appellant responded, "Yes."

At the sentencing hearing held on July 18, 2007, the prosecution brought an alleged discrepancy to the court's attention:

> At this time, your honor, we have become aware of a discrepancy in the sentencing guidelines that were submitted to the Court.  The guidelines that were submitted, your Honor, indicated a prior record score of three. After reviewing the presentence report we have determined that that is inaccurate. [Appellant's] prior record score should indicate a four.  That would change the guidelines, the standard range now being 84-102 months, 114 months in the aggravated range.  With the Court's permission, I will make that correction later today.
>
> * * *
>
> [Appellant's Counsel]: I have no objection to that.  I believe it to be correct. And the negotiated plea is for the low end of the standard range which is predicated on the mandatory minimums in this particular case, so, therefore, the corrections, although they are correct they are basically moot in light of the plea agreement.

After this exchange, the court sentenced Appellant to the agreed upon term of seven to fourteen years' imprisonment based on the statutory mandatory

minimum. See 18 Pa.C.S.A. § 7508(a)(3)(iii).[7]

As the Superior Court observed, the claims made by the petitioner in all but his final claim involve a determination of "whether his plea was unknowing and involuntary due to his counsel's alleged ineffectiveness in failing to object to the attorney's general's authority to investigate and prosecute his case and failing to address an alleged error in his charging documents."[8] The fourth and final claim raised in the Superior Court regarding an alleged illegal sentence is not raised here. However, we note that this issue is without merit since the statutory maximum sentence is fifteen years.[9]

We further observe that in seeking federal habeas corpus relief following the entry of a guilty plea, a petitioner can only succeed in his challenge if he can demonstrate that the plea was not knowingly and intelligently entered with the advice of competent counsel. Bradshaw v. Stumpf, 545 U.S. 175 (2005); Tollett v. Henderson, 411 U.S. 258 (1973). This is very similar to the Pennsylvania holding that:

> "[a] plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of sentence and the validity of his plea."

Commonwealth v. Jones, 963 A.2d 409, 427 (Pa. 2009).

Like the Superior Court, we too have examined both the written and oral plea colloquy In his written colloquy, the petitioner acknowledged that he had reviewed the facts surrounding the

---

[7] See: Exhibit U at pp.1-4.

[8] Id. at p.5.

[9] See: 35 P.S. 780-113 § A30 for which a mandatory minimum term of imprisonment of 7 years is mandated by 18 Pa.C.S.A. § 7508(a)(3)(iii) because of petitioner's conviction of another drug offense.

case with his attorney; that they reviewed possible defenses and that he was satisfied with the representation provided; that he understood his rights under both state and federal law and that his plea was freely and voluntarily entered.[10]  Counsel also concurred in the plea and recited his belief that the plea was voluntarily and understandingly made.[11] The executed plea agreement provided for a recommended sentence of 84 to 168 months.[12]

At the formal entry of the plea on May 9, 2007, the petitioner testified that he understood the rights he was waiving by entering the plea and the court indicated its belief that the plea was knowingly and voluntarily entered.[13]

At the sentencing hearing on July 18, 2007, the prosecutor represented that the petitioner's prior record warranted an enhancement in his prior record score from three to four; that the agreed upon plea was in the mandatory seven to fourteen year range; defense counsel indicated that in light of the plea agreement the enhancement matter was moot and sentence was imposed pursuant to the plea agreement.[14]

Thus, the record is devoid of any basis upon which to conclude that the plea was not knowingly and intelligently entered with the assistance of counsel. Rather, it clearly demonstrates that the petitioner was fully aware of his rights and the waivers which would result from his plea; that he was satisfied with his representation by counsel; that he acknowledged his guilt; that

---

[10] See: Exhibit B to the answer.

[11] Id.

[12] Id.

[13] See: Exhibit D to the answer.

[14] Id.

counsel concurred in his plea, and that sentence was imposed in accordance with the plea agreement. For this reason there is no basis for relief here.

Accordingly, it cannot be said that the petitioner's conviction was "contrary to clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1). For this reason it is recommended that the petition of Quantel Searcy for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have fourteen days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                  Respectfully submitted,

                                  s/Robert C. Mitchell,

Entered: April 29, 2010                United States Magistrate Judge